The following opinion of the court was delivered by Judge Roane.
“ The court is of opinion that the appellant, in assenting to the agreement made by Mankin with the appellee Hanby, touching the land in controversy, to which he had the oquit?,» *144 ble title, not having treated with the said Hanby for a sale thereof, nor entered into any discussion with him as to the adequacy of the sum alleged to have been intended as the price or consideration therefor, and the said land being so far more valuable than the said consideration, as to leave no doubt that the contract in question was intended to create a penalty or pledge, to ensure the punctual payment of the money ; the said contract ought to be taken at most to have purported such penalty or pledge, and not a conditional sale of the land ; any words used by the appellant seeming to the contrary notwithstanding. And, however the case might have been if the appellant had surrendered up the premises to the appellee Hanby ; as explaining the agreement to have been for a conditional sale, and not for a penalty or pledge, or as varying the agreement in this particular; nothing of that kind appears in this case, but only that the appellant left the premises, and the said appellee Hanby entered upon and occupied the same.”
2. If a person having the equitable title to a tract of it^an^afte? wards sue for of the lega"th tle; (themortgagee being a party to the ouglit^no""to decree a conou^hoMinig the land ultimately bound terest. to satisfy the mortgage, and to be sold to raise the money due, with in-
3. A decree cannot be made against a widow, (restraining her from conveying her right of dower,) in a suit to which she is not a party as widow, but only as administratrix of the decedent, and guardian of her children.
4. The heirs of a vendor, retaining the legal title to the land, ought not to be decreed to make conveyance with general but with special warranty: neither ought they to be compelled to pay costs.
“ The court is further of opinion, that the first decree of the Chancellor was correct, so far as it reversed the decree County Court, which was erroneous, at least, in the following particulars ; — 1st, in not holding the land in question, ultimately bound tor the payment of the money advanced by aPPe^ee Hanby for the use of Pennington, and to be sold to raise that money, with interest, if not paid ~2dly, in decueing against the widow of Marr, who is not made a defendant to the bill; and 3dly, in decreeing the heirs of Marr to convey with general warranty a certain quantity of land, and t0 11!1^ costs> they only being bound to convey, wi special warranty, the residue of the land in the bond mentioned, after the sales that had been made before the sale to the *145 appellant: but that the said first decree was erroneous in dismissing the bill, instead of reforming the decree of the County Court in the foregoing particulars.”
“ On these grounds, and because this court differs from the Court of Chancery in its construction of the contract in question, as stated in the order rejecting the bill of review, the court is of opinion that the said order is erroneous ; therefore it is decreed and ordered that the same be reversed and annulled, and that the appellees Ilanby and Mankin pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And it is ordered that the cause be remanded to the said Court of Chancery, with directions for that court to allow and receive the said bill of review, in «wder to a final decree.”